1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  CHRISTOPHER S. KENT, | CASE NO. 08-CV-1775-W-RBB |
| 12                                    | **ORDER:** |
| 13                          Plaintiff, | **1) ADOPTS THE REPORT &** |
| 14        v. | **RECOMMENDATION** <br> **(Doc. No. 19)** |
| 15 | |
| 16 | **2) GRANTS PLAINTIFF'S** <br> **MOTION FOR SUMMARY** |
| 17 | **JUDGMENT** <br> **(Doc. No. 11)** |
| 18  MICHAEL J. ASTRUE, <br> Commissioner of | |
| 19  Social Security Administration, | **3) DENIES DEFENDANT'S** <br> **MOTION FOR SUMMARY** |
| 20                         Defendant. | **JUDGMENT** <br> **(Doc. No. 16)** |
| 21 | |

22
23        Plaintiff Christopher S. Kent ("Plaintiff") seeks judicial review of Social Security
24  Commissioner Michael J. Astrue's ("Defendant") final decision that Plaintiff was not
25  disabled within the meaning of the Social Security Act.  On January 22, 2010,
26  Magistrate Judge Ruben B. Brooks issued a Report & Recommendation ("Report")
27  advising this Court to grant Plaintiff's motion for summary judgment and to deny
28  Defendant's cross-motion for summary judgment.  On February 12, 2010, Defendant

08cv1775W

1  filed an objection to the Report.  The Court decides the matter on the papers submitted

2  and without oral argument.  See S.D. Cal. Civ. R. 7.1(d.1) And for the reasons cited

3  below, the Court **ADOPTS** the Report.

4

5  **I.**   **Procedural Background**

6          The facts of this case, including Plaintiff's medical history, are more fully set forth

7  in the Report and are incorporated herein by reference.   The following is a short

8  summary of this case.

9          Plaintiff claims he became disabled on April 1, 2001 because of injuries he

10  sustained to his back and shoulder. (Report at 2.)  On May 12, 2006, he applied for

11  disability insurance benefits. (Id. at 1.)  On January 25, 2008, after a hearing in front of

12  Administrative Law Judge Edward Steinman, Plaintiff was found to be not disabled. Id.

13  Plaintiff then appealed the decision unsuccessfully and now seeks judicial review of

14  Defendant's determination that he is not entitled to disability insurance or supplemental

15  security income benefits. (Id. at 2.)

16          On September 26, 2008, Plaintiff filed his complaint for judicial review. (Doc. No.

17  1.)  After Defendant filed his answer, Plaintiff filed a motion for summary judgment on

18  August 28, 2009. (Doc. No. 11.)  His argument is two-fold: (1) the ALJ failed to develop

19  the record, and (2) it was legal error for the ALJ to disregard the opinion of Plaintiff's

20  treating doctor. (Doc. No. 11-1 at 2.)  Defendant subsequently filed a cross-motion for

21  summary judgment on November 4, refuting the claims made in Plaintiff's motion.

22  (Doc. No. 16.)

23          On January 22, 2010, Magistrate Judge Brooks issued the Report, agreeing with

24  Plaintiff's second argument and recommending the matter be remanded for further

25  proceeding. (Doc. No. 19.)  Defendant objects on this point alone. (Doc. No. 20.)

26

27  **II.**   **Legal Standard**

28          Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1) set

08cv1775W

forth the duties of the district court in connection with a magistrate judge's report and recommendation.  The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(c); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980).

The Social Security Act entitles a claimant to disability benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 416(I), 423(d)(1)(A).  To qualify for benefits, the impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984). Further, the impairment must be of "such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A).

Sections 205(g) and 1631(c)(3) of the Social Security Act allow unsuccessful applicants to seek judicial review of the Commissioner's final agency decision. 42 U.S.C. §§ 405(g), 1383(c)(3).  However, the scope of review is limited.  A court may not overturn the Commissioner's final action unless (1) the ALJ's findings of fact are not supported by substantial evidence, or (2) the ALJ failed to apply the proper legal standards. See Flaten v. Secretary of Health and Human Services., 44 F.3d 1453, 1457 (9th Cir. 1995).  "Substantial evidence" means evidence a reasonable person might accept as adequate to support the ALJ's conclusion, considering the record as a whole. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  In other words, substantial evidence means "more than a

1  scintilla but less than a preponderance" of the evidence. <u>Jamerson v. Chater</u>, 112 F.3d
2  1064, 1066 (9th Cir. 1997).  The Court must consider both the evidence that supports
3  and detracts from the Commissioner's conclusions. <u>See</u> <u>Mayes v. Massanari</u>, 276 F.3d
4  453, 459 (9th Cir. 2001); <u>Desrosiers v. Secretary of Health and Human Services.</u>, 846
5  F.2d 573, 576 (9th Cir. 1988).

6      Even if substantial evidence supports the ALJ's findings, a court must set the
7  decision aside if the ALJ failed to apply the proper legal standards in weighing the
8  evidence and reaching a decision. <u>See</u> <u>Benitez v. Califano</u>, 573 F.2d 653, 655 (9th Cir.
9  1978).  But if the evidence supports more than one rational interpretation, the court
10 must uphold the ALJ's decision. <u>Allen v. Heckler</u>, 749 F.2d 577, 579 (9th Cir. 1989).

11

12 **III.   <u>Discussion</u>**

13     In his motion for summary judgment, Plaintiff seeks either a reversal of the ALJ's
14 decision and an award of benefits, or that the case be remanded to the Social Security
15 Administration for further proceeding. (Doc. No.  11.)  Construing his arguments
16 liberally, Plaintiff contends that the ALJ failed to develop the record and committed
17 legal error by ignoring the opinion of Plaintiff's treating doctor. (Doc. No. 11.)  In
18 contrast, Defendant's cross-motion for summary judgment contends that the record was
19 more than adequate to properly evaluate the evidence and Plaintiff's claims of legal error
20 lack merit. (Doc. No. 16.)

21     In the Report, the Magistrate Judge found that the ALJ adequately developed the
22 record. (<u>Report</u> at 30-31.)  However, he concludes that the ALJ committed legal error
23 by disregarding the opinion of the treating physician. (<u>Id</u>. at 36.)  As a result, the
24 Magistrate recommends the matter be remanded for further proceeding. (<u>Id</u>.)
25 Defendant objects to the Report, on this point alone, arguing the ALJ was not required
26 to explicitly reject the treating physician's opinion. (Doc. No. 20.)

27     In his objection, Defendant does not dispute the ALJ's lack of explanation, but
28 rather argues that the treating physician's opinion was not actually contained in the

08cv1775W

record, so it cannot be considered a "medical opinion" for the purpose of legal authority. (Doc. No. 20.)  If not considered an official medical opinion, Defendant contends that the treating physician's conclusions can be dismissed without explanation. Id.  The record contains a different physician's third-party summary of the treating physician's report.  Although this third-party summary effectively conveys the treating physician's conclusions about Plaintiff's condition, Defendant claims the "purported conclusions...were only 'indirectly' in the record" and thus do not require consideration from the ALJ. Id.  The Court disagrees.

The Magistrate Judge's conclusion is based on the holding in Batson v. Commissioner of Social Security Administration. Batson, 359 F.3d 1190, 1195 (9th Cir. 2004).  Although the ALJ does not have to follow the medical opinion of the treating physician, he "must give specific, legitimate reasons for disregarding the opinion of the treating physician." Id., quoting Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).  In the current case, ALJ Steinman discusses the reports and findings of several physicians, but fails to give specific, legitimate reasons for contradicting the opinion of the treating physician, Dr. Previte. (Report at 36.)

The Court agrees with Plaintiff's argument that Defendant's objection is one of form over substance. (Doc. No. 21.)  The Report concluded that the record contained evidence sufficient for a proper evaluation of Plaintiff's claim. (Report at 30.)  This included the summary of the treating physician's findings.  While not binding on the ALJ, the treating physician's opinion is generally afforded the greatest weight in disability cases. Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  Therefore, had the record lacked a medical opinion from the treating physician, it would have been inadequate.  The treating physician's opinion was present in the record, but the ALJ failed to explain why he disregarded it.  Defendant's attempt to side-step this flaw by citing a technicality is without merit.

As such, the Court **ADOPTS** the well-written analysis of the Report and **GRANTS** Plaintiff's motion for summary judgment. (Report at 36–37.)

08cv1775W

1

2    **IV.   <u>Conclusion</u>**

3           For the reasons stated above, the Court hereby **ADOPTS** the Report in its

4    entirety and finds that the ALJ's disregard of the treating physician's opinion lacks

5    specific and legitimate reasoning. (Doc. No. 19.)  As such, and for the reasons stated

6    above, the Court **GRANTS** Plaintiff's motion for summary judgment (Doc. No. 11) and

7    **DENIES** Defendant's cross-motion for summary judgment. (Doc. No. 16.)  This case

8    is hereby remanded for further proceeding.

9           **IT IS SO ORDERED**.

10

11   DATED:  March 18, 2010

12                                             _____

13                                             Hon. Thomas J. Whelan
                                               United States District Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv1775W